UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21cr10023 |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| MOSES CABRAL, a/k/a "Moe Money," | ) | Count One: Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity |
| | ) | |
| | ) | |
| Defendant | ) | (18 U.S.C. § 1962(d)) |
| | ) | |
| | ) | RICO Forfeiture Allegation: |
| | ) | (18 U.S.C. § 1963(a)) |
| | ) | |

INFORMATION

At all times relevant to this Information:

The Enterprise

1. From a date unknown, but no later than in or about 2016, and continuing to the date of this information, in the District of Massachusetts, and elsewhere, the defendant, MOSES CABRAL, a/k/a "Moe Money," and others known and unknown, were leaders, members and associates of an organization whose leaders, members and associates engaged in, among other things, murder, conspiracy to commit murder, attempted murder, assault with intent to commit murder, armed robbery, robbery, conspiracy to distribute controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and heroin), possession with intent to distribute controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and heroin), distribution of controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and heroin), transportation for illegal sexual activity, interstate and foreign travel in aid of racketeering enterprises, and tampering with a witness, victim, or informant.  At all relevant times, this organization, known as "NOB" operated in the

1

District of Massachusetts and elsewhere.

2. NOB, including its leaders, members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "NOB" or the "Enterprise"), that is, a group of individuals associated in fact.  NOB constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for the common purpose of achieving the objectives of NOB.  NOB was engaged in, and its activities affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

3. The purposes of the Enterprise included the following:

   a. Committing violence against enemies and rivals of the Enterprise, and their leaders, members and associates, including acts involving murder, robbery and assault;

   b. Protecting the leaders, members, and associates of the Enterprise from attacks and intimidation from enemies and rivals of the Enterprise;

   c. Enriching the leaders, members and associates of the Enterprise through, among other things, drug trafficking, robbery and prostitution;

   d. Preserving, protecting and expanding the power of the Enterprise, through the use of murder, assaults, intimidation, violence, and threats of violence; and

   e. Promoting and enhancing the Enterprise, and the activities of its leaders, members and associates.

<u>The Means and Methods of The Enterprise</u>

4. Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. Leaders, members, and associates of NOB used the Enterprise to commit, attempt to commit, and threaten to commit, acts of violence (including acts involving murder, robbery, and assault) to protect and expand the Enterprise's criminal operations as well as to retaliate against enemies and rivals of the Enterprise;

b. Leaders, members, and associates of NOB used NOB to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals of NOB and potential witnesses to its illegal activities;

c. Leaders, members, and associates of NOB promulgated certain rules to be followed by all participants in NOB, including the rule that a participant in NOB not act as an informant for law enforcement regarding the criminal activities of NOB. To enforce the rules of NOB, the leaders, members, and associates of NOB assaulted and threatened participants in NOB and others who violated their rules;

d. Leaders, members, and associates of NOB distributed, possessed with intent to distribute, and conspired to distribute controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and heroin) in the District of Massachusetts, and elsewhere;

e. Leaders, members, and associates of NOB possessed, carried, and used firearms to protect their operations from theft, robbery, and competition from others. These weapons were possessed, carried, and used for various reasons, including but not limited to: assaulting rivals of NOB; protecting NOB's narcotics and the proceeds of drug distribution; ensuring that drug distribution activities were controlled by the leaders, members, and

associates of NOB; intimidating others from attempting to steal NOB's narcotics and narcotics proceeds; intimidating potential witnesses to NOB's illegal activities; and ensuring the personal safety of leaders, members, and associates of NOB;

  f. To generate income, leaders, members, and associates of NOB engaged in robberies, including armed robberies, prostitution, and trafficking in controlled substances; and

  g. To generate income, leaders, members, and associates of NOB were entitled to conduct, and, in fact, conducted illegal activities under the protection of NOB.

## COUNT ONE
### Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity
### (18 U.S.C. § 1962(d))

The United States Attorney charges:

  5. The United States Attorney re-alleges and incorporates by reference paragraphs 1-4 of this Information.

  6. From a date unknown, but beginning, at least, in or about 2016, and continuing to the date of this information, in the District of Massachusetts and elsewhere, the defendant,

MOSES CABRAL, a/k/a "Moe Money,"

and others known and unknown, being persons employed by and associated with NOB, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly conspire with each other, and with other persons known and unknown, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering

activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which MOSES CABRAL, a/k/a "Moe Money," and others known and unknown, agreed to conduct and participate in the conduct of the affairs of the enterprise, NOB, consisted of:

- a. multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846;
- b. multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and 7 (conspiracy);
- c. multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and Section 7 (conspiracy);
- d. multiple acts indictable under Title 18, United States Code, Section 2421 (relating to transportation for illegal sexual activity);
- e. multiple acts indictable under Title 18, United States Code, Section 1952 (relating to racketeering); and
- f. multiple acts indictable under Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant).

All in violation of Title 18, United States Code, Section 1962(d).

RICO FORFEITURE ALLEGATION
(18 U.S.C. § 1963(a))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count One, the defendant,

MOSES CABRAL, a/k/a "Moe Money,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a):

  a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

  b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

  c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 1963(a), as a result of any act or omission of the defendants --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1963.

|  | ANDREW E. LELLING<br>United States Attorney |
|---|---|
|  | _/s/ Michael Crowley_<br>MICHAEL CROWLEY<br>COREY STEINBERG<br>Assistant United States Attorneys |
| Date: January 20, 2021 |  |